FISK et al. v. BATTERSON. (No. 6428.)

(Supreme Court, Appellate Division, First Department. December 4, 1914.)

CONTRACTS (§ 10*)—UNILATERAL CONTRACTS—ACCEPTANCE.

Upon the tender of stock, which defendant by a unilateral contract had agreed to purchase, and a demand of the purchase price, before a revocation by defendant, the sellers became entitled to recover the purchase price.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 21–40; Dec. Dig. § 10.*]

Appeal from Trial Term, New York County.

Action by Pliny Fisk and others against James G. Batterson. From a judgment dismissing the complaint, plaintiffs appeal. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

Thomas D. Thacher, of New York City, for appellants.
William J. Moran, of New York City, for respondent.

PER CURIAM. Although inartificial in form, the instrument sued on imported a unilateral contract on defendant's part to buy of plaintiffs the stock described, and on tender of the stock and demand of the purchase price, before revocation by defendant, plaintiffs' right to recover became perfect. The answer alleged neither fraud nor mistake nor was the execution of the instrument denied or reformation thereof sought.

The defense was that defendant's dealings prior to the delivery of the instrument were with agents of the Grieve Company, with which company, and not with plaintiffs, defendant intended to and did in fact contract. Plaintiffs did not move for judgment on the pleadings, nor for the direction of a verdict, and notwithstanding the defense tendered no issue. Gordon Malting Co. v. Bartels Brewing Co., 206 N. Y. 528, 100 N. E. 457, 461. The action went to trial, and was tried on the theory that it did. An examination of the evidence serves to confirm

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the fact that the intention of the parties was exactly such as the law imported from the instrument itself.

Judgment reversed, and new trial granted, with costs to appellant to abide the event.