MAURICE GALIBERT, Plaintiff, *v.* J. C. HOFFMAN, INC., Defendant.

Supreme Court, New York County, January, 1923.

**Specific performance — purchase of stock — unilateral contract to repurchase stock — seller's right to recover perfected by tender and demand.**

Certain corporate stock purchased by plaintiff from defendant was pledged to the latter to secure plaintiff's collateral note in payment therefor. By the option of purchase alleged to have been executed by defendant for a good

consideration defendant agreed to purchase the stock within six months from the date of the agreement, but upon a tender of the stock within that time defendant refused to complete the purchase. In an action to compel specific performance, the defendant contended that the consideration of the agreement was plaintiff's proxy delivered to defendant's president to vote the stock in the meantime and that as both section 668 of the Penal Law and section 23 of the General Corporation Law forbid the issuance of the proxy " for any sum of money or thing of value," the option agreement was void. *Held,* that the agreement on defendant's part was a unilateral contract, the giving of the proxy a mere incident of the transaction and that plaintiff's right to recovery became perfect on tender of the stock and demand for the purchase price, and he is entitled to judgment.

ACTION for specific performance of contract.

*George H. Mitchell* (*G. H. Brevillier,* of counsel), for plaintiff.

*John G. Snyder,* for defendant.

BIJUR, J.  Plaintiff sues for specific performance of an agreement by defendant to purchase stock of a corporation owned by plaintiff. The bulk of this stock had been purchased from defendant by plaintiff and was pledged with defendant to secure plaintiff's collateral note in payment therefor. The agreement or option to purchase was executed by defendant in June, 1920, and provided that defendant agreed to purchase the stock within six months from date. Within the period of six months plaintiff tendered the stock and defendant refused to complete the purchase. The contention of defendant is that the option or agreement to purchase executed. by it was in consideration of plaintiff's proxy delivered to defendant's president to vote the stock in the meantime, and that as both section 668 of the Penal Law and section 23 of the General Corporation Law forbid the issuance of a proxy " for any sum of money or thing of value " the option agreement was thereby rendered void. While it is true that plaintiff pleaded that the option was issued for a good consideration, and testified that he agreed to " stay with the company " in consideration of the defendant's agreement, that seems to me to be superfluous, since the defendant's agreement was in any event " a unilateral contract on defendant's part to buy of plaintiff the stock described, and on tender of the stock and demand of the purchase price before revocation by defendant plaintiff's right to recovery became perfect." *Fisk* v. *Batterson,* 165 App. Div. 952; affd., 221 N. Y. 693.  I do not believe, as matter of fact, that defendant's agreement was made in consideration of plaintiff's giving the proxy. The leading case cited by defendant, therefore, namely, *Matter of Glen Salt Co.,* 17 App. Div. 234; affd., 153 N. Y. 688, has no application whatsoever. On the contrary, in my opinion the giving of the proxy

was a mere incident of the transaction and was voluntary on the part of defendant as an appropriate concession by plaintiff under the circumstances. Even if this were not so, I do not think that the reasoning of the *Glen* case would apply, *first*, because defendant was at that time the pledgee of the bulk of plaintiff's stock and, as I understand it, the holder of record thereof, and, therefore, *prima facie* entitled to vote thereon as matter of law; *second*, because defendant as such pledgee and as the prospective purchaser of the stock had so substantial an interest therein as to make the statute in reference to the selling of the right to vote entirely inapplicable (*Hey* v. *Dolphin*, 92 Hun, 230; *Continental Securities Co.* v. *N. Y. C. & H. R. R. R. Co.*, 168 App. Div. 345; affd., 217 N. Y. 119); *third*, if under these circumstances the proxy could by any course of reasoning be regarded as forbidden under the statute, its relation to the transaction itself would be so incidental as not to render the option void. *Armstrong* v. *Am. Exchange Nat. Bank*, 133 U. S. 433, 469; *Woodworth* v. *Bennett*, 43 N. Y. 273, 276. Judgment for the plaintiff, with costs. Submit findings and judgment on notice.

Judgment accordingly.